THE MARCELIA ANN.

BLADES *v.* THE MARCELIA ANN.

*(Circuit Court, D. Maryland.* November 22, 1887.)

MARITIME LIENS—UNDER STATE STATUTES—PRIORITIES—WORK AND LABOR—
SEPARATE CONTRACT.
  Under Code Md. art. 67, giving (section 44) a lien upon certain vessels for materials furnished and work done upon such vessels, but providing (section 48) that the lien "shall not entitle the claimant to preference over creditors or claimants secured by mortgage or bill of sale properly executed and recorded before the claim to be secured by such lien shall have accrued," where there is no entire contract for the repairing of a vessel, but the repairs are done from day to day upon the orders of the owner, only such repairs will have preference over a mortgage duly executed and recorded as were done prior to the date of the recording of such mortgage.

In Admiralty. On appeal from district court.
*Thomas S. Baer* and *William P. Lyons*, for appellant mortgagee.
*Thomas S. Hodson*, for appellee lienor.

BOND, J. The facts in this case are that on the 6th of October, 1886, the schooner Marcelia Ann was libeled in the district court for wages. By order of the court under that libel she was sold, and after the payment of the seamen's wages found to be due, the remainder of the proceeds of sale were paid into the registry of the court for distribution to proper claimants. The schooner was the property of George S. Holland. The remaining proceeds are now claimed by Sumner W. Dana, by virtue of a lien under a Maryland statute relating to liens for work and labor, and by George S. McCready, under a mortgage from George S. Holland, properly executed and recorded on the 17th of June, 1884. The first item in the account for which a lien is claimed is of June 5, 1884, and the last is dated Oct. 17, 1884.

The statute under which the lien for repairs is claimed is found in Rev. Code, art. 67, §§ 44–48, which, after providing for a lien upon vessels for materials furnished and work done upon vessels navigating the Chesapeake bay and its tributaries, provides that such lien shall not entitle the claimant to preference over creditors secured by mortgage properly executed and recorded before the lien claim shall have accrued. Section 48, art. 67. Section 44 gives to parties furnishing materials or labor a lien on the vessel for all debts *due*. In this case there was no entire contract for the repair of the vessel. From all that can be gathered from the record the claimant was to do such repairs upon the vessel as from day to day were discovered to be necessary, and which he was directed by the owner to make. At the end of the day the cost of what was done in the way of furnishing material or labor was due and payable. The claimant could have stopped work at the end of a day or week without any breach of contract, and the owner could have directed him to cease, without liability for a breach, at any time. There appears to have been nothing in the contract to make it necessary for the claimant to go to the expense of providing before hand material for repairs. The labor and materials were furnished *die in diem* and on the 17th of June, when the mortgage was recorded, all that was *due* or had "accrued" was what had been furnished or wrought up to that time. Certainly no action could then have been maintained, for anything that appears in this record, by the claimant against either the ship, or the owner of it, for material or labor furnished after that date. This is not a maritime lien. If it were, it might be argued that the repairs done after the mortgage were done for the mortgagee's benefit, or that, as he knew of them, and the mortgage gave him title, he could be held as owner. But this lien is a statutory remedy, and gives to the claimant no priority beyond that which its plain language implies; and as it expressly provides (section 48) that the lien shall be for such claim only as had accrued at the time of the recording of the mortgage, courts are not at liberty to extend its operation further.

Our attention has been called to the fact that the construction given to the mechanics' lien law relating to buildings is that it gives a lien for all debts contracted for work done, notwithstanding an intermediate mortgage after the commencement of the building. But this is by statute. Section 15, art. 67, so provides, and the legislature having seen fit to make this difference between liens upon buildings and those upon vessels, we have no alternative but to carry out its intentions.

It is therefore determined that the fund in court is liable for all material and labor furnished up to and including the 17th of June, as appears by the account filed, and the remainder, after payment of costs, belongs to the mortgagee. And a decree will be passed accordingly.